Wyatt Johnson, ISB: 5858
Michelle R. Points, ISB: 6224
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste. 200
Boise, ID 83702
T | (208) 384-8588
F | (208) 629-2157
E | wyatt@angstman.com
     mpoints@pointslaw.com

*Attorneys for Movants Shawn Cutting and*
*Crypto Traders Management, LLC*

### IN THE UNITED STATE DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYPTO TRADERS MANAGEMENT, LLC, a dissolved Idaho limited liability company; and SHAWN CUTTING, an individual,<br><br>            Movant,<br><br>vs.<br><br>UNITED STATE SECURITIES AND EXCHANGE COMMISSION,<br><br>            Respondent. | **Case No.**<br><br>**MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978** |

Shawn Cutting, through his counsel of record, Angstman Johnson, respectfully submits this Motion in response the Subpoena served by the United States of America Securities and Exchange Commission, attached hereto as Exhibit A.

Mr. Cutting, moves this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the United States Securities and Exchange Commission from obtaining access to his financial records as set forth in Exhibit A, from.

This motion is supported by the Declaration of Shawn Cutting, filed with this motion, specifically from Wells Fargo Bank, N.A., 1305 W. 23rd Street, Tempe, Arizona.

Dated this 4th day of December, 2020

ANGSTMAN JOHNSON

/s/ Michelle Points

By:   Michelle R. Points

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I have mailed or delivered a copy of the attached to the below listed individuals by the method indicated below:

Mary S. Brady                                      [    ] Hand Delivered
Assistant Regional Director                        [ X ] U.S. Mail, Postage Paid
Denver Regional Office                             [    ] Fax
Securities and Exchange Commission                 [    ] Email
1961 Stout Street, Suite 1700                      [    ] iCourt Filing
Denver, CO 80294-1961

Richard M. Humes, Esq.                             [    ] Hand Delivered
Associate General Counsel                          [ X ] U.S. Mail, Postage Paid
Securities and Exchange Commission                 [    ] Fax
100 F St., N.E.                                    [    ] Email
Washington D.C 20549                               [    ] iCourt Filing

/s/ Michelle Points

Michelle R. Points

# EXHIBIT A



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

**In the Matter of Crypto Traders Management, LLC, D-03957**

**To:**   Wells Fargo Bank, N.A.
Summons and Subpoena Processing
1305 W. 23rd Street
Tempe, AZ 85282
MAC: S4001-01F

---

☒   **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 6315 Bren Mar Drive, Suite 175, Alexandria, VA 22312, no later than December 7, 2020 at 5:00 p.m.

---

☐   **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

---

### FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.
If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena.
Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment, or both.

---

By:   /s *Mary S. Brady*              Date:   November 19, 2020
Mary S. Brady, Assistant Regional Director
U.S. Securities and Exchange Commission
Denver Regional Office
1961 Stout Street, Suite 1700
Denver, CO 80294-1961

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

---

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

**SUBPOENA ATTACHMENT FOR WELLS FARGO BANK, N.A.**
<u>In the Matter of Crypto Traders Management, LLC, D-03957</u>

November 19, 2020

<u>**Definitions**</u>

As used in this subpoena, the words and phrases listed below shall have the following meanings:

1.      "Wells Fargo Bank, N.A." means the entity doing business under the name "Wells Fargo Bank, N.A." ("Wells Fargo"), including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2.      "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, telephone messages, text messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

3.      "Communication" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

4.      "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

5.      The term "you" and "your" means the Person to whom or entity to which this subpoena was issued.

6.      To the extent necessary to bring within the scope of this this subpoena any information or Documents that might otherwise be construed to be outside its scope:

a.  the word "or" means "and/or";
b.  the word "and" means "and/or";
c.  the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;
d.  the masculine gender includes the female gender and the female gender includes the masculine gender; and
e.  the singular includes the plural and the plural includes the singular.

## Instructions

1.  Unless otherwise specified, this subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All responsive electronic Documents, including all metadata, should also be produced in their native software format.

2.  For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you must secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3.  Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4.  In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5.  Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, i.e., delineated with staples or paper clips to identify the Document boundaries.

6.  Documents should be labeled with sequential numbering (bates-stamped).

7.  You must produce all Documents created during, or Concerning, the period from

**January 1, 2017** to the date of this subpoena, unless otherwise specified.

8.      The scope of any given request should not be limited or narrowed based on the fact that it calls for Documents that are responsive to another request.

9.      You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff in connection with this matter. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

10.     For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

11.     This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what you are not producing. The list should describe each item separately, noting:

      a.     its author(s);
      b.     its date;
      c.     its subject matter;
      d.     the name of the Person who has the item now, or the last Person known to have it;
      e.     the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
      f.     the basis upon which you are not producing the responsive Document;
      g.     the specific request in the subpoena to which the Document relates;
      h.     the attorney(s) and the client(s) involved; and
      i.     in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

12.     If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

## Documents to be Produced

Produce all Documents identified below (electronically, pursuant to the Commission's Data Delivery Standards) for the Relevant Period concerning any account in the name of (including, but not limited to, any known account numbers listed below):

| # | Name | Address | Taxpayer ID | Account# (if known) |
|---|------|---------|-------------|---------------------|
| 1 | Shawn C. Cutting | 476 Rogstad Powerline Rd. Blanchard, ID 83804 | 516115973 | X3861 X1933 X1941 |

1. Electronic file of all account transaction data in either **MS Excel spreadsheet file format or in a Delimited Text file format with a preferred delimiter of a vertical bar "|".**

2. Electronic image of all account opening and authority information, including, but not limited to, new account applications and attachments or exhibits thereto, corporate or partnership resolutions, and all signature cards, regardless of when created, prepared, received, or otherwise obtained;

3. Electronic image of all monthly account statements;

4. Electronic image of all supporting documents for all account transactions in the monthly account statements including, but not limited to, the following: canceled checks (front and back); deposit slips and copies of the deposit items listed on the deposit slips; debit and credit notices; drafts of all manner; cashier's checks; official checks; money orders; certified checks; electronic fund transfer notices; wire transfer advices/notices and wire transfer instructions (including authorizations, memoranda, and confirmations);

5. All Documents sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of credit; financial statements; security agreements; and collateral pledges.

6. All Documents and Communications (including emails) between bank personnel and the account holder(s) or signatories concerning the accounts above.

7. All Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session.

**Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by Wells Fargo Bank, N.A. in relation to an account in the name of a "customer" other than Shawn**

**Cutting. The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of Wells Fargo Bank, N.A., or for whom Wells Fargo Bank, N.A. is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.**