UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYPTO TRADERS MANAGEMENT, LLC, a dissolved Idaho limited liability company; and SHAWN CUTTING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:20-mc-00336-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978. (Dkt. 1). The Court has determined that oral argument will not significantly assist the decisional process; therefore, the matter will be resolved without a hearing. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion and enforce the subpoena.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

On November 19, 2020, Defendant United States Securities and Exchange Commission (SEC) issued a subpoena to Wells Fargo for bank accounts in the name of trusts for which Cutting is a trustee. The SEC sought these documents pursuant to an initial order of investigation issued on October 1, 2020, captioned, "Order Directing Private Investigation and Designating Officers to Take Testimony in the Matter of Crypto Traders Management, LLC." (*See Def.'s Resp.*, Dkt. 5 at 2). The SEC issued the subpoena in connection with a law enforcement inquiry into whether CTM may have purchased, sold or offered for sale securities in violation of the antifraud, securities registration, and broker-dealer registration provisions of securities laws. The SEC has obtained evidence that Cutting may have been running an illegal investment scheme. There is also evidence that suggests Cutting has misappropriated money invested with CTM.

On December 4, 2020, Cutting and CTM filed a motion to quash the SEC's subpoena to Wells Fargo on the basis that the subpoena is not relevant to the investigation and that it seeks confidential information.

# LEGAL STANDARD

Under the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. §§ 3401-22 a customer may file a motion to quash a subpoena. There are two

grounds on which a customer may challenge the release of his financial records: (1) that the government has not met the RFPA requirements; or (2) that the financial records sought are not relevant to a legitimate law enforcement inquiry. 12 U.S.C. §§ 3410(a)(1)-(2). The RFPA requires that all customer motions to quash contain an affidavit or sworn statement stating reasons the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter. The applicant must file an objection within ten days of service or within fourteen days of mailing. 12 U.S.C. § 3410(a)(2).

The Government may obtain financial records pursuant to an administrative subpoena only if: (1) "the records sought are relevant to a legitimate law enforcement inquiry; and (2) "a copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution" together with a notice stating "with reasonable specificity the nature of the law enforcement inquiry." 12 U.S.C. § 3405.

## ANALYSIS

CTM and Cutting move to quash the subpoena under the Right to Financial

MEMORANDUM DECISION AND ORDER - 3

Privacy Act of 1978. The first issue before the Court is whether Cutting or CTM have standing to challenge the subpoena under the RFPA. Only a customer may bring a challenge to a subpoena under the RFPA. 12 U.S.C. § 3410(a). A customer is defined as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." 12 U.S.C. § 3401(5). A person is defined as "an individual or a partnership of five or fewer individuals." 12 U.S.C. § 3401(4).

Here, the accounts are not entitled to the protections of the RFPA because the none of the alleged account holders or plaintiffs in this matter qualify as a customer under the Act.

First, the Court will consider whether Cutting has standing to challenge the subpoena. It is undisputed that Cutting is not the account holder for the accounts at issue. Therefore, Cutting is not a customer with respect to the accounts and cannot challenge the subpoena in his individual capacity. Cutting also lacks standing to challenge the subpoena as a trustee of either the Lake View Trust or the Tyson Trust. A trust is neither an individual nor a partnership and therefore cannot qualify as a "customer" under the RFPA. *See In re Porras*, 191 B.R. 357, 359 (Bankr. W.D. Tex. 1995).

**MEMORANDUM DECISION AND ORDER - 4**

Next, the Court must determine whether CTM has standing because CTM, as a plaintiff, has asserted that it held at least one of the Wells Fargo accounts at issue. Regardless of whether any of the accounts at issue actually belong to CTM, CTM lacks standing to challenge the subpoena because a limited liability company does not qualify as a customer under the Act. *Exchange Point LLC v. U.S. S.E.C.*, 100 F.Supp.2d 172, 176 (S.D.N.Y. 1999).

Finally, Cutting and CTM cite to *Walker v. S.W.I.F.T.* to argue that CTM clients have standing to challenge the subpoena and therefore should have received notice of the subpoena from the SEC. 491 F.Supp.2d 781, 793–94 (N.D. Ill. 2007). Cutting and CTM claim that the account held by CTM is entitled to RFPA protections because the account contains confidential information of CTM clients who qualify as customers. However, this case is distinguishable from *Walker*. In *Walker*, the plaintiffs were customers of a financial institution as defined under the RFPA and the defendant acted as an agent of that financial institution. *Id.* In this case, Plaintiffs have not provided evidence that any of CTM's clients are customers of Wells Fargo Bank, or that CTM was acting as an agent of Wells Fargo Bank. Thus, CTM and Cutting have not established that the accounts are entitled to the protections of the RFPA or that the CTM clients are customers entitled to notice and the opportunity to object to the subpoena.

**MEMORANDUM DECISION AND ORDER - 5**

Accordingly, the Court will deny the motion for an order preventing the SEC from obtaining access to the Wells Fargo financial records and order the subpoena enforced.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act 1978 (Dkt. 1) is **DENIED** and the SEC may enforce the subpoena.

DATED: February 11, 2021

B. Lynn Winmill
U.S. District Court Judge